JAMES REAVIS
Reavis Law, PLLC
316 N. 33rd St.
Billings, MT 59101
Phone: (406) 860-4640
E-mail: james@jamesreavislaw.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-CR-62-BLG-SPW |
| Plaintiff, | |
| v. | REPLY BRIEF IN SUPPORT OF MOTION TO SUPPRESS |
| NATHAN WILNAU, | |
| Defendant. | |

**A. The Government is improperly asking this Court to consider information omitted from the application to retroactively justify a constitutionally infirm search warrant.**

In reviewing a search warrant on probable cause grounds, the district court is "limited to the information and circumstances contained within the four corners of the underlying affidavit." *Crowe v. Cty. Of San Diego*, 593 F.3d 841, 869 (9th Cir. 2010); *see also, Montana v. Kasparek*, 2026 MT 163, ¶ 12, 384 Mont. 56, 375 P.3d 372 ("We will not

1

review the sufficiency of a warrant application by assessing the effect of facts omitted from the original application.")

When attempting to rebut Wilnau's argument that the search warrant application lacked sufficient, independent corroboration, the Government stated the following:

> Wilnau's criminal history was particularly relevant considering the source told Agent Bennett that Wilnau was "not going back to prison." This corroboration certainly lends credence to the source's information such that it was a permissible inference that the informant is reliable and that other information the informant provides, though uncorroborated, is also reliable.

(Doc. 101 at 12.)

The problem is that this statement is entirely absent from the search warrant application! This statement is from outside information, the Government's attached Ex. 1 at the top of page USAO-13. This alleged informant quote was not put into Ex. 2—the search warrant application—and was never seen by Judge Davies. It is completely inappropriate and against precedent for this Court to go outside of the four corners of the search warrant application to retroactively justify probable cause now.

The Government's resort to using statements outside the search warrant application is a telling indication that this warrant, despite the

2

deference typically reserved to granting magistrates, is not supported by probable cause. The four corners of the search warrant application required sufficient independent corroboration, and we do not have that here.

The Government's citation to *Williams* does not change this result. *Williams* provides two paths to determine if there is a reliable informant: "if the person providing the information has a track record of supplying reliable information, or if [the information] is corroborated by independent evidence." *U.S. v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993.) The Government does not argue that this informant has a "track record" of supplying reliable information in the past, and its response brief used outside information to try to establish independent corroboration. "Certain classes of informants are considered more reliable than others." *U.S. v. Angulo-Lopez*, 791 F.2d 1394, 1397 (9th Cir. 1986).

The Government was able to corroborate some information about Christina Hill. They confirmed Hill had connections to San Francisco and a red Dodge Durango was found where the informant said it would be, with Hill standing in front of it. This, perhaps, constituted probable

3

cause to place a tracker on the car or to further investigate Hill. This was not corroboration to start tracking a number belonging to a "Nate" on a phone.

**B. The Secured Communications Act prohibits the issuance of warrants brought by state governmental authorities if the warrant is prohibited by the law of such state.**

The Government seeks to divide state procedural rules from state substantive law where no division exists. Generally, cell phone location information is protected by the Fourth Amendment and requires a warrant. *Carpenter v. U.S.*, 585 U.S. 296, 315-316, 138 S.Ct. 2206, 2220 (2018). Section 18 U.S.C. § 2703(d), titled "requirements for court order," lays out two distinct sentences. The first sentence provides for a reasonable grounds procedure that is only available to the federal government. *See In re U.S. for an Order*, 620 F.3d at 314-317. The second sentence provides the requirement for court orders issued by state governmental authorities, specifically that "such a court order shall not issue if prohibited by the law of such State." A warrant unlawfully issued under state law is also unlawful under the SCA.

4

The substantive requirement of probable cause cannot be separated from the procedure to acquire a warrant. In 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), 2703(c)(1)(A), the SCA describes obtaining a warrant using the Federal Rules of Criminal Procedure, State warrant procedures, or court-marital regulations. Obtaining a warrant under federal procedure requires compliance with the Fourth Amendment. Obtaining a warrant under Montana procedure requires compliance with the Montana Constitution. Certainly, the standard can't be that Montana judges can issue warrants that do not comply with the Montana Constitution and yet comply with SCA requirements.

The applicability of state law to state warrants brought under the SCA aligns with both the text of the statute and legislative intent. The most recent amendment of the SCA in 1994 was an expansion of privacy and security protection for telephone and computer communications, extending to cordless phones. *In re U.S. for an Order*, 620 F.3d at 314. The Congressional Research Service, in summarizing the SCA, explained it was passed to "address growing privacy concerns regarding technology and government searches and to provide statutory protections for stored electronic communications where such

communications may not be protected by the Fourth Amendment." Balser, Jimmy, Congressional Research Service, LSB10801, *Overview of Governmental Action Under the Stored Communications Act (SCA)* (August 3, 2022), accessible at https://www.congress.gov/crs-product/LSB10801.

*Westfall* is distinguishable. In *Westfall*, the Court laid out two distinct legal issues: 1.) the existence of probable cause under the totality of the circumstances, and 2.) the jurisdictional power of Montana to issue warrants under the SCA, addressed under parts IV-A and IV-B of the *Westfall* opinion respectively. *U.S. v. Westfall*, 142 F.4th 1208, 1213-1217 (9th Cir. 2025). *Westfall* only holds that a Montana district court is a court of competent jurisdiction authorized to issue search warrants under the SCA, which Wilnau does not dispute. Wilnau disputes that the search warrant is supported by probable cause. Applying Montana law to a Montana warrant under the enhanced congressional protections of the SCA is fully compatible with *Westfall*.

Even if this Court only applies federal law, the search warrant application still violates the Fourth Amendment. To determine whether information provided by informants establish probable cause, a

6

magistrate looks to the totality of the circumstances. *Angulo-Lopez*, 791 F.2d at 1396, *citing to Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332 (1983). Evidence bearing on the informant's reliability can be established by accurate information on past occasions, or demonstrated through independent police corroboration of the information provided. *Angulo-Lopez*, 791 F.2d at 1397. There must be a substantial basis for deciding if a search warrant application establishes probable cause. *Id*. at 1396. Even under federal standards, a busted probationer facing potential new charges is an informant whose statements require sufficient independent collaboration, which was not provided within the four corners of the search warrant application.

**C. Agent Bennett's unlawful June 16, 2023 application that issued an unlawful search warrant he personally executed is the domino that kicked off the rest of the evidence against Wilnau and is fruit of the poisonous tree.**

Montana law, with its enhanced constitutional protections for privacy, does not recognize a "good-faith exception" anywhere akin to federal law. Montana has only recognized a very limited good-faith exception to the exclusionary rule when an officer carries out an illegal arrest based on an error they did not make. *City of Cut Bank v. Bird*,

7

2001 MT 296, ¶¶ 17-20, 307 Mont. 460, 38 P.3d 804. In *Bird*, officers pursued a vehicle from state land into Indian country. *Bird*, ¶ 15. Once they made an arrest and discovered he was a member of the Blackfeet tribe, they called a tribal police officer to assist. *Bird*, ¶ 18. The tribal officer then transported Bird to the city police department but did so in violation of Blackfeet's extradition statutes. *Bird*, ¶¶ 17-18. The Montana Supreme Court recognized that "the primary purpose of the exclusionary rule—to ensure law enforcement is not rewarded by violating a defendant's constitutional rights and to deter such conduct in the future—would not be served by sanctioning the city officers for a mistake in which they had no part." *Bird*, ¶ 19.

    Agent Bennett is the same officer who interviewed the informant, applied for the search warrant, and then executed the search warrant. There is no intervening police officer acting in good-faith reliance on another. Evidence suppression is what is required to deter similar law enforcement conduct in the future—and to encourage magistrates to conduct a more careful review for probable cause than what was done here. Even if this Court only considers federal law, the evidence is still excludable under the third *Leon* prong because the magistrate's

probable cause determination reflected an improper analysis of the totality of the circumstances. *U.S. v. Leon*, 468 U.S. 897, 915, 104 S.Ct. 3405, 3416-3417 (1984). Additionally, establishing good-faith places the burden on the government to make its case. *U.S. v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013).

      Finally, the resulting seizure of evidence from Wilnau's June 22, 2023 traffic stop is fruit from the poisonous June 16 warrant. Officer Fetterhoff was personally told by Agent Bennett to be on the lookout for a northbound vehicle on Hwy 310 that had Wyoming plates and was believed to be transporting drugs. (USAO 49.) In response to this communication, Fetterhoff got on the highway to look for the vehicle, found it, and asked the occupants if they had drugs. (USAO 49-50.) Fetterhoff was only able to do that because he had been directed to do so by Bennett, who acquired this information from an investigation that was only made possible by tracking the real-time GPS pings of the 200 number. Fetterhoff's traffic stop was not an intervening circumstance in a drug trafficking investigation, it was its culmination. The origin was a search warrant unsupported by probable cause in violation of the Fourth Amendment.

RESPECTFULLY SUBMITTED this 17th day of October, 2025.

/s/ James Reavis
James Reavis
Reavis Law, PLLC
Attorney for Defendant

## Certificate of Compliance

I certify under L.R. 1.5 and 7.1(d) that this motion is typed in Century Schoolbook 14-point font, consecutively numbered at the bottom of the page and has a word count of 1,642, excluding the caption, the certificate of service, and this certificate of compliance, as counted by Microsoft Word software.

DATED this 17th day of October, 2025.

/s/ James Reavis
James Reavis

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 17, 2025, I electronically filed a true and correct copy of the **REPLY BRIEF IN SUPPORT OF MOTION TO SUPPRESS** with the Clerk of the Court for the United States District Court, for the District of Montana, Billings Division using the CM/ECF System.

I certify that service will be accomplished to the following persons

and parties on the CM/ECF service list:

1. United States District Court Clerk

2. Julia Patten
   Assistant United States Attorney
   United States Attorney's Office
   2601 2nd Avenue North, Ste 3200
   Billings, MT 59101
       *Counsel for the United States*

3. Juli M. Pierce
   LP Law, PLLC
   301 N. 27th St. #300
   Billings, MT 59101
       *Counsel for Christina Hill*

4. Matthew Claus
   Matt Claus Law, PLLC
   301 N. 27th St., Ste. 1
   Billings, MT 59101
       *Counsel for Davious Greenwood-James*

5. Marvin S. McCann
   McCann Law Firm
   P.O. Box 50562
   Billings, MT 59105
       *Counsel for Bonnie Chu*

6. Jennifer A. Dwyer
   Avignone, Banick & Williams, PLLC
   3825 Valley Commons Drive Ste. 6
   Bozeman, MT 59718
       *Counsel for Dion Andre Davis, II*

7. Vernon E. Woodward
   Woodward Law Firm
   P.O. Box 1657
   Billings, MT 59103

*Counsel for Tyler-Christopher Tainter-Gallon*

<u>/s/ James Reavis</u>
James Reavis
Reavis Law, PLLC
Attorney for Defendant
